UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS P. HAZLEWOOD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-12-01125 |
| | § | |
| BANK OF AMERICA, N.A., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before the court is defendant Baker Mortgage Company's ("Baker") Rule 12(c) motion for judgment on the pleadings. Dkt. 19. Plaintiff has not responded. Under the Local Rules of the Southern District of Texas, Baker's motion will be treated as unopposed. S.D. TEX. LOC. R. 7.4. Having reviewed the motion, record evidence, and applicable law, the court finds that the motion should be **GRANTED**.

Plaintiff pled six causes of action against Baker in his live complaint, Dkt. 1-1, all of which arise out of a real estate transaction in March 2006. Plaintiff filed his original petition on March 20, 2012, six years after the challenged transaction. *Id.* Thus, his causes of action are barred by the applicable statutes of limitation, none of which exceed four years, unless the accrual date is deferred by a relevant exception. Plaintiff alleges in his petition that the discovery rule saves his claims because it "first became possible for Plaintiff to discover Defendant(s) conduct on February 3, 2012 when Plaintiff's counsel did an in depth review of all documents" from the transaction. Dkt. 1-1 ¶ 52. However, the discovery rule only applies when the injury is "inherently undiscoverable." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009). Plaintiff's injuries do not meet this test, as the alleged wrongdoing became apparent after reviewing the loan documentation. *Cf.*

*Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (Tex. 2001) ("An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence."). Further, regarding equitable tolling, plaintiff cited to certain case law on this issue, but he pled no facts to support application of that deferral doctrine to this case.

Plaintiff's claims are barred by limitations, and Baker's motion for judgment on the pleadings (Dkt. 19) is **GRANTED**. Plaintiff's claims against Baker are **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

Signed at Houston, Texas on March 19, 2013.

_____
Gray H. Miller
United States District Judge